IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MKKB, LLC, § | |
|    *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 5:21-cv-00031 |
| § | |
| AUTO-OWNERS MUTUAL § | |
| INSURANCE COMPANY D/B/A § | |
| ATLANTIC CASUALTY INSURANCE § | |
| COMPANY, FREEDOM ADJUSTING & § | |
| INSPECTION SERVICES, AND § | |
| REUBEN QUINTERO, § | |
|    *Defendants.* § | |

### DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE U.S. DISTRICT COURT:

Atlantic Casualty Insurance Company files this Notice of Removal per 28 U.S.C. § 1441 and respectfully shows the Court the following:

### I. INTRODUCTION

1. MKKB, LLC filed this action in the 341st District Court, Webb County, Texas on February 4, 2021. Atlantic Casualty was served with the citation and petition on February 12, 2021. This removal is therefore timely, within 30 days of service. There is complete diversity between the Plaintiff and Defendant, Atlantic Casualty and Defendant Auto-Owners Insurance Company, improperly named by Plaintiff as Auto-Owners Mutual Insurance Company. The citizenship of the remaining Defendants, Freedom Inspection & Adjusting Services, LLC and Reuben Quintero should be disregarded. Atlantic Casualty made an election under TEX. INS.

CODE § 542A to assume the legal responsibility of agents. That election establishes the impossibility of recovery against the non-diverse Defendants in state court at the time of removal. Thus, the non-diverse Defendants are improperly joined, and their citizenship may be disregarded.

## II.
## BACKGROUND AND FACTS

Mr. Quintero and Freedom's last substantive involvement in this matter was on July 24, 2020 to forward a form proof of loss and an estimate to MKKB. Thereafter, Mr. Quintero and Freedom were not involved in the claim process decisions regarding the sworn proof of loss that Plaintiff did not submit until October 2020. Subsequent to Quintero and/or Freedom's last involvement with this matter, Atlantic Casualty provided a Reservation of Rights letter to MKKB wherein Atlantic Casualty agreed to reconsider its position and re-examine the matter at MKKB's request and demonstration of additional information. (*See* Exhibit 2.) MKKB sent Atlantic Casualty additional information in the form of an independently retained estimate, after which Atlantic Casualty retained an engineer to continue investigation of the matter.

By letter dated December 23, 2020 (*See* Exhibit 3), long after Quintero's and Freedom Adjusting's involvement in the process had ended, Plaintiff invoked the appraisal process under the policy and appointed its appraiser. Atlantic Casualty agreed to participate with MKKB in appraisal of the matter and appointed its appraiser. To date, appraisal is ongoing. This appraisal process will necessarily not rely on Quintero's and/or Freedom's actions or inactions, and there is thus no

reasonable basis for predicting recovery on MKKB's claims against Quintero and/or Freedom.

Thus, Plaintiff provided to Atlantic Casualty its sworn proof of loss months after Mr. Quintero's or Freedom's involvement, and Mr. Quintero and Freedom had no involvement in the subsequent sworn proof of loss response, Atlantic Casualty's Reservation of Rights letter, selection of the independent engineer to respond to the sworn proof of loss submitted by MKKB, or MKKB's request for independent appraisal (appraisal was requested in December 2020 and agreed to by Atlantic Casualty thereafter, and is ongoing to Atlantic Casualty's knowledge). None of these actions or issues involved Mr. Quintero or Freedom, who is an independent adjuster located in Mission, Texas and unaffiliated with Atlantic Casualty.

"There are 'two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Southbound Inc. v. Firemen's Ins*. 2021 WL 932045 at *2, *citing Smallwood v. Ill. Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (*citing Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2000)). Because of the statutory election and the factual timeline of Mr. Quintero/Freedom's involvement, removal to federal court is proper. Atlantic Casualty's election renders it impossible for Plaintiff to recover against the non-diverse Mr. Quintero/Freedom at the time of removal. Moreover, the actual facts reflect that nothing Mr. Quintero/Freedom did through July 2020 could lead to liability for a sworn proof of loss submitted months later, and an appraisal invoked by Plaintiff months later that

is ongoing. Thus, there is impossibility of recovery under both facets legally and factually.

5. Atlantic Casualty is filing a copy of this Notice of Removal with the clerk of the 341st District Court, Webb County, Texas, where MKKB originally filed this action.

6. Atlantic Casualty issued to MKKB a commercial property insurance policy numbered M226000203-1, effective 01/04/2020 to 01/04/2021 (the Policy).

7. This removed action is an insurance dispute between MKKB and Atlantic Casualty regarding first-party coverage for reported damages to two buildings which allegedly occurred on May 21, 2020. MKKB alleges that its two buildings—the first being a motel, the second being an office and residence (collectively, the Property)—sustained damages as a result of a weather event on May 21, 2020. MKKB made a claim for damages via a Notice of Loss filed on June 1, 2020 with Atlantic Casualty.

8. On June 8, 2020, Atlantic Casualty began investigation of the claim when it assigned the claim to Cross Claims Service, Inc. adjusting company for investigation. Cross Claims conducted an initial inspection on June 15, 2020 and a second inspection on July 2, 2020.

9. Cross Claims' estimate dated July 20, 2020 reflects an estimate only for damages to the motel building of the Property because Cross Claims did not observe any damages as a result of the alleged weather event at issue to the office/residence building of the Property. Cross Claims' estimate calculated a replacement cost value (RCV) of $22,474.14. Cross Claims' estimate further calculated a total amount owed

to MKKB: $22,474.14 RCV less $3,804.17 in depreciation and less the $18,669.97 deductible, leaving $335.97 owed to MKKB under the Policy. Mr. Quintero/Freedom's last work on the claim was July 24, 2020 when he forwarded an estimate and a form proof of loss. (The sworn proof of loss was not returned until months after Mr. Quintero/Freedom's work was complete).

10.     By August 11, 2020, Atlantic Casualty was aware that MKKB had retained Counsel, David A. Christoffel. Counsel requested of Atlantic Casualty various documents, including a copy of the Policy, which Atlantic Casualty subsequently provided.

11.     On October 13, 2020, Counsel sent Atlantic Casualty a demand letter for $182,590.76, including attorney's fees as of this date. This amount is based on a September 29, 2020 estimate provided by LH Estimators (LHE), an estimator retained by MKKB and/or Counsel.

12.     LHE's estimate dated September 29, 2020 reflects estimates for damages to both the motel building and office/residence building of the Property. LHE's estimate calculated an RCV of $194,217.17.  (Counsel reached the above-listed $182,590.76 demand amount by subtracting the $18,334.00 deductible, subtracting the undisputed $335.97 payment which MKKB previously accepted from Atlantic Casualty, adding $5,843.56 in penalty, and adding $1,200.00 in attorney's fees.) The portion of LHE's estimate for the motel building only totals $169,449.48.

13. LHE's $169,449.48 estimate for only the motel building is the amount which can be directly contrasted with Cross Claims' $22,474.14 estimate.[1]

14. On November 10, 2020, Atlantic Casualty sent a Reservation of Rights letter to Counsel citing various Policy language as the basis for excluding coverage for certain damages; explaining calculation of the $335.97 payment amount to MKKB based on Cross Claims' July 20, 2020 estimate; and acknowledging that this $335.97 payment was already issued to, undisputed by, and accepted by MKKB. Atlantic Casualty retained independent engineer, Matthew Quigley.

15. By November 11, 2020, Atlantic Casualty retained structural engineer experts with Vertex to conduct a "Cause & Origin Investigation" regarding the alleged damages to the Property allegedly resulting from the alleged May 21, 2020 weather event at issue. (*See* Exhibit 4.)

16. On December 7, 2020, Vertex Engineer Matthew Quigley conducted an inspection of the Property. Mr. Manish Bhakta on behalf of MKKB was present for this inspection and provided access to the Property.

---

[1] Specifically, Cross Claims' RCV estimate for the motel building breaks down as follows:

$12,307.07    Motel Roof
$1,301.13     Motel Exterior
$4,733.64     Motel Interior (2nd floor only)
$18,341.84
+ taxes, overhead and profit
**$22,474.14    TOTAL**.

While LHE's RCV estimate for the motel breaks down as follows:

$44,405.47    Motel Roof
$94,882.71    Motel Interior (1st floor)
$30,161.30    Motel Interior (2nd floor)
**$169,449.48    TOTAL**

17. On December 21, 2020, Vertex submitted a report to Atlantic Casualty detailing Vertex's professional opinions on the cause of those damages which Vertex observed to the Property's roofs and interior. (*See* Exhibit 4.)

18. Vertex opined that wind caused damages to a certain portion of the roof of the Property's motel building, improper roof installation contributed to these damages to this certain portion of the roof of the motel building, and water intrusion via this damaged portion of the roof caused damages to a certain area of the second-floor interior of the motel building.

19. Vertex further opined that neither water damage to the first-floor interior of the motel building nor water damage to the interior of the office/residence building were a result of the alleged weather event at issue; and the roof of the office/residence building likewise did not exhibit damages resulting from the alleged weather event at issue. Instead, Vertex opined that interior damages to the first-floor of the motel resulted from second-floor bathroom leaks and interior damages to the office building resulted from improper construction of the office building's roof.

20. On December 23, 2020, MKKB's Counsel invoked appraisal in writing pursuant to the Policy and appointed Jeffrey C. Lane with Lane Inspections as its chosen appraiser. Atlantic Casualty subsequently appointed independent appraiser Matthew Bonine with U.S. Building Consulting Group (USBCG) as its chosen appraiser.

21. On information and belief, on February 23, 2021, Lane Inspections and USBCG performed a joint inspection. To date, Atlantic Casualty is aware that the appraisal is ongoing.

## III.
## BASIS FOR REMOVAL

22. Removal is proper under 28 U.S.C. §§ 1332(a)(1), 1441(a), 1446 because MKKB's, on the one hand, and Atlantic Casualty's and Auto-Owners' citizenship, on the other, is completely diverse and the amount in controversy exceeds $75,000.

3. Venue is proper in this district and division because the 341st District Court, Webb County, Texas, is located in this district and division. 28 U.S.C. § 1441(a).

**A. MKKB and Atlantic Casualty have diverse citizenship.**

23. MKKB, LLC (Plaintiff) is, and was at the time this action was filed, a Texas limited liability company whose citizenship is determined by the citizenship of its members. Texas Secretary of State records show that MKKB's members are Kajal Bhakta and Manish Bhakta, each of whose address is listed as 7060 San Bernardo Avenue, Laredo, Texas 78041. Therefore, both of MKKB's members are individual citizens of the State of Texas. For diversity purposes, MKKB is a Texas citizen.

24. Defendant Atlantic Casualty is an insurance company whose citizenship is determined by both its place of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Atlantic Casualty was formed under North Carolina law, and it maintains its principal place of business in Goldsboro, North Carolina. For diversity purposes, Atlantic Casualty is a North Carolina citizen.

Auto-Owners is a corporation whose citizenship is determined by both its place of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Auto-Owners

is a Michigan corporation with its principal place of business in Lansing, Michigan. For diversity purposes, Auto-Owners is a citizen of the State of Michigan.

**B. A case or controversy exists in an amount exceeding $75,000.00, exclusive of costs and interest.**

26.     MKKB filed this action against Defendants, and in a demand letter asserts estimated damages of $194,217.17. In addition, Plaintiff's petition specifically states that it seeks monetary relief over $200,000.00 but not more than $1,000,000.00.  (Pl.'s Orig. Pet. ¶ 6.)  Hence, the amount in controversy in this action, exclusive of costs and interest, exceeds the threshold for diversity jurisdiction and removal. 28 U.S.C. § 1332(a).

**C. Non-diverse Defendants' Citizenship Ignored**

27.     There are two other Defendants, Freedom Adjusting & Inspection Services, LLC and Reuben Quintero.  Reuben Quintero is an individual citizen of the State of Texas.  Freedom Adjusting is a Texas limited liability company whose managing member is Reuben Quintero, a Texas citizen.  For diversity purposes, both Quintero and Freedom Adjusting are Texas citizens.

28.     However, as noted above, Atlantic Casualty elected under TEX. INS. CODE § 542A to assume the legal responsibility of agents/adjusters. Atlantic Casualty did so in its answer filed in state court before this case was removed.  According to TEX. INS. CODE § 542A.006, the election deprives Plaintiff of its causes of action against the agents/adjusters and requires that they be dismissed.  Thus, at the time of removal, the election establishes that recovery against the agent/adjuster Defendants is impossible in state court. Accordingly, Plaintiff lacks a reasonable basis

in state law to recover against them, they are improperly joined and must be dismissed.

29. The rule requires that all Defendants properly joined and served join in or consent to this removal. 28 U.S.C. § 1446(b)(2)(A). Undersigned counsel represents Auto-Owners in this action and represents that it consents to the removal. Atlantic Casualty "joins in" the removal, as it is the removing party. The other Defendants are improperly joined, and their consent is unnecessary.

## IV.
## CONCLUSION

30. There are no orders signed by the state-court judge. Per 28 U.S.C. § 1446(a) and S.D. TEX. R. 81, Atlantic Casualty submits the following documents with this Notice of Removal:

>   (1) all executed process in the case;
>   (2) pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;
>   (3) all orders signed by the state judge;
>   (4) the docket sheet;
>   (5) an index of matters being filed; and
>   (6) a list of all counsel of record, including addresses, telephone numbers and parties represented.

31. For these reasons, Atlantic Casualty Insurance Company respectfully removes this action from the 341st District Court, Webb County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.

*Camille Johnson*
Camille Johnson, attorney-in-charge
State Bar No. 10686600
S.D. Bar No. 16414
4621 Ross Avenue, Suite 300
Dallas, Texas 75204
Tel: (214) 368-1515
Fax: (214) 292-9647
camille@ssjmlaw.com

***COUNSEL FOR DEFENDANT AUTO-OWNERS INSURANCE COMPANY AND DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY***

## CERTIFICATE OF SERVICE

    I certify that I filed the foregoing on March 14, 2021, with the Clerk of Court via the CM/ECF System, which will send notification to all counsel of record.

    David A. Christoffel
    CHRISTOFFEL LAW GROUP, PLLC
    3027 Marina Bay Drive, Suite 230
    League City, Texas 77573
    **Counsel for Plaintiff MKKB, LLC**

_____
Camille Johnson